**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| T.E.N. INVESTMENTS, INC., | |
| Plaintiff, | |
| v. | Case No. 25-cv-2104-TC-JBW |
| CHAPTER KRIS JACKSON, ARISTOCRAT MOTORS INC., CHRISTOPHER ADAM JACKSON, ARISTOCRAT MOTOR COMPANY, INC., and SNOWY OWL LLC, | |
| Defendants. | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff T.E.N. Investments, Inc. filed a Motion to Compel Discovery Responses From Defendants Chapter and Christopher Jackson (Dkt. 115). Plaintiff requests an order, pursuant to Fed. R. Civ. P. 37(a), compelling *pro se* Defendants Chapter Jackson and Christopher Jackson (collectively "the Jacksons") to fully and completely respond to Plaintiff's First Sets of Interrogatories ("Interrogatories") and Requests for Production ("RFPs"). The Jacksons did not file a response opposing the motion and their March 6, 2026 deadline for doing so has passed.[1] As explained below, the motion is granted in part and denied in part.

---

[1] Under D. Kan. Rule 7.1(c), a party opposing a motion must file a response within the applicable deadline set in D. Kan. Rule 6.1(d). Motions to compel discovery fall under the category of "Other motions" and therefore any response is due within 14 days after the motion is served. *See* D. Kan. Rule 6.1(d)(4). Rule 7.1(c) further provides: "If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."

## I.    Background

Plaintiff initiated this action by filing a Complaint asserting federal and state law claims for trademark infringement, unfair competition, false designation of origin, and related relief. The Complaint names five defendants: two individuals—the Jacksons—and three business entities—Aristocrat Motors, Inc., Aristocrat Motor Company, Inc., and Snowy Owl LLC (collectively the "Entity Defendants"). Generally, the allegations concern the Defendants' use of the ARISTOCRAT MOTORS trademark, specifically through their alleged fraudulent filing and use of a United States Trademark Application, the formation of sham business entities, and the registration of fictitious business names in fall 2024. The Court entered default judgment and a permanent injunction against the Entity Defendants on January 23, 2026.[2] Plaintiff's claims against the Jacksons remain pending.

On November 21, 2025, Plaintiff served 21 interrogatories (two with subparts) and 49 RFPs on Chapter Jackson.[3] Plaintiff served 18 interrogatories (two with subparts) and 48 RFPs on Christopher Jackson.[4]

---

[2] *See* Order (Dkt. 114) granting Plaintiff's Motion for Default Judgment and Permanent Injunction Against the Entity Defendants (Dkt. 112).

[3] *See* Pl.'s Interrogs. and RFPs to Chapter Jackson. Dkts. 115-6 and 115-8.

[4] *See* Pl.'s Interrogs. and RFPs to Christopher Jackson. Dkts. 115-10 and 115-12.

On December 21, 2025, Chapter Jackson served her objections and responses to Plaintiff's Interrogatories and RFPs.[5] Chapter Jackson objected to Interrogatories 1–6 and 8–20 but answered Interrogatories 7 and 21. She asserted multiple objections to RFPs 1–44.

Christopher Jackson also served his objections and responses to the Interrogatories and RFPs on December 21, 2025.[6] Christopher Jackson objected to Interrogatories 1–3, 6, 9–21, but answered Interrogatories 1–5, 7–8, and 21. Christopher Jackson objected to RFPs 16–25 as irrelevant and overbroad. He did not object to the other RFPs but responded stating he has no involvement in the use or intended use of Aristocrat Motors marks and possesses no documents responsive to the RFPs.

On January 16, 2026, Plaintiff filed a motion for an extension of time to file a motion to compel and for relief from the pre-motion conference requirement (Dkt. 113). The Court granted the motion, extending Plaintiff's deadline to file any discovery motion regarding the Jacksons' objections and responses to Plaintiff's Interrogatories and RFPs to February 20, 2026. The Court also relieved Plaintiff's obligation under D. Kan. Rule 37.1(a) to arrange for a pre-motion

---

[5] *See* Chapter Jackson's Resps. to Pl.'s Interrogs. (Dkt. 115-7) and Resps. and Objs. to Pl.'s RFPs (Dkt. 115-9). Plaintiff claims the objections and responses were served one day later on December 22, 2025.

[6] *See* Christopher Jackson's General Objs. to Pl.'s Interrogs. (Dkt. 115-11) and Resps. and Objs. to Pl.'s RFPs. (Dkt. 115-13). Plaintiff claims the objections and responses were served one day later on December 22, 2025.

telephone conference with the Court before filing its motion.[7] Plaintiff timely filed its motion to compel on February 20, 2026.[8]

## II.    Conferring Attempts

Plaintiff attaches the declaration of its counsel, Mary Hyde, detailing her attempts to confer in good faith with the Jacksons as required by D. Kan. Rule 37.2(a). Plaintiff's counsel states she transmitted a golden rule letter to each of the Jacksons regarding their deficient objections and responses to Plaintiff's discovery requests on January 9, 2026.[9] The Jacksons were offered substantial windows of availability on January 14, 15 and 16, 2026 for a call to discuss the discovery deficiencies.[10] On January 14, 2026, Defendant Christopher Jackson emailed they were available on January 19, 2026, and a phone call was scheduled for that day.[11] Counsel describes the phone call that ensued:

> At the outset of the call, Chapter Jackson interrupted me and asked if I was recording the call, and I confirmed that counsel for Plaintiff were not recording. Chapter then announced she was being videotaped and that she could not stop the recording. I asked her how the recording was occurring and why she could not stop the recording, but she simply said that she could not stop the recording and then dropped from the call approximately four minutes after it began. At 11:04 AM (CST) I emailed her to ask her to rejoin the meeting and asked Defendant Christopher Jackson to try to get in touch with her as well, and he said that he texted her. At 12:23 PM (CST) Chapter Jackson responded acknowledging that she hung

---

[7] *See* Text Order (Dkt. 117).

[8] The certificate of service for Plaintiff's Motion indicates a copy was served by electronic filing on Christopher Jackson and served by U.S. mail and electronic mail on Chapter Jackson. Dkt. 115 at 7.

[9] Hyde Decl. (Dkt. 115-2) at ¶ 7.

[10] *Id.*

[11] *Id*. at ¶ 8.

up and left the call intentionally.[12]

Christopher Jackson remained on the January 19, 2026 call after Chapter Jackson dropped from the call. I asked him if his position on any of the discovery responses/objections had changed, and he started to launch into a discussion about his views of the case and alleged the Court does not have jurisdiction. Patric Linden stated that lack of jurisdiction was not raised in their responses, so that objection is waived. Christopher Jackson then raised his voice and appeared to get upset, saying he had nothing to say to Mr. Linden and calling Mr. Linden offensive names. I tried to cut in a number of times to try to get him to calm down, but he continued his rant, making a number of threats of additional litigation against Plaintiff and/or its counsel for malicious prosecution. Then he too disconnected from the call. I copied Christopher Jackson on my email at 11:04 AM (CST) to Defendant Chapter Jackson. At 12:27 PM (CST) Christopher Jackson responded acknowledging that he hung up and left the call intentionally.[13]

Based upon counsel's reported exchanges with the Jacksons and subsequent email correspondence, the Court finds further efforts to confer with the Jacksons would likely be futile. Plaintiff has shown it made reasonable efforts to confer prior to filing its motion as required by D. Kan. Rule 37.2.

**III.    Discovery Requests Plaintiff Seeks to Compel From the Jacksons**

Plaintiff requests the Court overrule the Jacksons' objections and order them to provide full and complete responses to certain written discovery requests within fourteen days of the Court's order. Plaintiff requests <u>both</u> Jacksons be compelled to produce documents responsive to Plaintiff's RFPs 1–4, 6, 8–10, 13–15, 17–19, 29, and 31–44. It requests that <u>Chapter</u> Jackson be compelled to serve answers fully responding to Plaintiff's Interrogatories 1–3, 7–10, and 12–20

---

[12] *Id.* at ¶ 9.

[13] *Id.* at ¶ 10.

served upon her. Plaintiff requests <u>Christopher</u> Jackson be compelled to serve answers fully responding to Interrogatories 1–3 and 7–17 served upon him.

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party to move for an order compelling a discovery response. Specifically, the party seeking the discovery may file a motion to compel if the responding party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested under Rule 34.[14] In response to a motion to compel, the responding party has an opportunity to reassert and offer support for objections made in the discovery responses themselves.[15] "Any objection the responding party does not reassert in its response to a motion to compel is deemed abandoned."[16]

In this case, the Jacksons failed to file a response in opposition to Plaintiff's motion to compel that supports the objections they asserted in their respective interrogatory and RFP responses. The Court could deem those objections abandoned. However, the Court notes that the Jacksons are proceeding as *pro se* defendants in this trademark infringement case and Plaintiff has served approximately 50 RFPs and 25 interrogatories (counting subparts) on each of the Jacksons. Plaintiff's motion seeks to compel on more than half of these RFPs and interrogatories. The Court

---

[14] Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

[15] *Mercado v. Arrow Truck Sales, Inc.*, No. 23-2052-HLT-ADM, 2024 WL 1557539, at *2 (D. Kan. Apr. 10, 2024).

[16] *Id.; See also Kannaday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013) ("[O]bjections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned."); *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404, 2011 WL 13233153, at *2 (D. Kan. Sept. 28, 2011) ("Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.").

therefore will not deem the Jacksons' objections abandoned simply by their failure to file a response but instead will consider them in ruling on Plaintiff's motion.

### A.    RFPs and Interrogatories Served Upon Chapter Jackson at Issue

Plaintiff seeks an order compelling Chapter Jackson to produce documents responsive to RFPs 1–4, 6, 8–10, 13–15, 17–19, 29, and 31–44. Chapter Jackson asserted multiple objections to the RFPs at issue, including overly broad, unduly burdensome, not proportional, duplicative, seek documents equally available to Plaintiff and documents not in her personal possession or control. The Court has reviewed the objections asserted to each specific RFP at issue and overrules all the objections. Although some of the RFPs arguably request documents that do not exist or Ms. Jackson does not have in her possession, custody, or control, it is not evident from Ms. Jackson's responses asserting objections whether she is withholding responsive documents on the basis of her objections. Fed. R. Civ. P. 34(b)(2)(C) requires a party objecting to requests of production to "state whether any responsive materials are being withheld on the basis of that objection." Ms. Jackson's RFP objections thus fail to comply with Rule 34(b)(2)(C). To the extent she is withholding responsive documents based upon her objections, those objections are overruled and Ms. Jackson is ordered to produce all documents responsive to RFPs 1–4, 6, 8–10, 13–15, 17–19, 29, and 31–44. If there are no responsive documents to any of these RFPs, then Ms. Jackson shall serve supplemental responses stating, without objection, she has no responsive documents.

Plaintiff also seeks to compel Chapter Jackson to serve supplemental responses fully answering Interrogatories 1–3, 7–10 and 12–20. Chapter Jackson objected without answering any of the Interrogatories at issue except Interrogatory 7. Although she did not object to Interrogatory 7, Ms. Jackson's response stating her legal name does not fully answer the interrogatory and she

is ordered to serve a supplemental response fully responding to it. Ms. Jackson objected without answering the other Interrogatories at issue as overly broad and unduly burdensome, assuming facts and requiring her to adopt third-party knowledge, and argumentative. The Court has reviewed the objections Ms. Jackson asserted to each specific Interrogatory at issue and overrules all her objections to Interrogatories 1–3, 8–10, and 12–20. Ms. Jackson is ordered to serve supplemental responses that fully answer Interrogatories 1–3, 7–10, and 12–20 without objection.

Chapter Jackson also asserted objections based upon her vision impairment to nearly every Interrogatory and RFP at issue stating she is unable to personally review or identify responsive documents due to her vision impairment. In her "preliminary statement[s] regarding disability" prefacing her discovery responses, she states:

> she suffers from a severe vision impairment, glaucoma and other medical conditions that substantially limit her ability to read, review, identify, sort, or produce documents, including electronically stored information. She also states she currently does not have access to a reader, assistive technology, or other reasonable accommodation necessary to review the RFPs or to review documents for purposes of production and to gather said documents.

Ms. Jackson reasserts her vision impairment in nearly all her interrogatory and RFP responses, purportedly as a reason why she cannot independently review records, or identify or produce documents necessary to confirm the information requested. Ms. Jackson's vision impairment is not a valid objection to responding to the interrogatories or producing documents responsive to Plaintiff's RFPs. To the extent she is arguing Plaintiff is required to provide some type of accommodation for her vision impairment, she provides no legal authority for this argument and the Court is not otherwise aware of any such authority imposing such obligation upon a party serving discovery requests.

Plaintiff's Motion to Compel is granted as to the RFPs and Interrogatories served upon Chapter Jackson. Ms. Jackson is ordered to produce documents responsive to RFPs 1–4, 6, 8–10, 13–15, 17–19, 29, and 31–44, and serve supplemental responses that fully answer Interrogatories 1–3, 7–10, and 12–20. The Court will give Chapter Jackson thirty (30) days, which is more time than the fourteen days requested by Plaintiff, to serve all responsive documents and supplemental responses or answers as ordered herein.

**B.     RFPs and Interrogatories Served Upon Christopher Jackson at Issue**

Plaintiff seeks an order compelling Christopher Jackson to produce documents responsive to the same RFPs at issue as co-defendant Chapter Jackson (RFPs 1–4, 6, 8–10, 13–15, 17–19, 29, and 31–44). Of the RFPs at issue in Plaintiff's motion, Christopher Jackson only objected to RFPs 17–19 as irrelevant and overbroad. He did not object to any of the other RFPs at issue but responded with statements he has no involvement in the use or intended use of Aristocrat Motors marks and possesses no documents responsive to the RFPs. The Court has reviewed the responses and objections Mr. Jackson asserted to RFPs 17–19 and overrules those objections. However, since his responses also state he has no responsive documents to the RFPs 17–19,[17] the Court will not compel supplemental production or responses for the RFPs at issue absent some showing Mr. Jackson actually has documents responsive to the RFPs at issue in his possession, custody, or control that have not been produced. Plaintiff's Motion to Compel is denied as to the RFPs served upon Christopher Jackson.

---

[17] Christopher Jackson's response to RFPs 16–25 objects on relevance and overbreadth grounds but then states "he has no documents responsive to these Requests as they relate to alleged trademark use or infringement." Dkt. 115-13 at 4.

Plaintiff also seeks to compel Christopher Jackson to serve supplemental responses fully answering Interrogatories 1–3 and 7–17. For the Interrogatories at issue, Christopher Jackson objected to all but Interrogatories 7 and 8. For the other Interrogatories at issue (1–3 and 9–17), Christopher Jackson objected and then answered subject to those objections. The Court has reviewed the objections Mr. Jackson asserted to the specific Interrogatories at issue and overrules those objections. For example, Interrogatory 1 asked Mr. Jackson to "[i]dentify each product or service in connection with which the Defendant ARISTOCRAT MOTORS Marks have been used by you or any of the other Defendants."[18] He objected to it as "vague, overly broad, and assuming facts not admitted." While the Court agrees with Mr. Jackson that Interrogatory 1 is confusing in its wording, the information sought by the interrogatory is obvious and the Court overrules the objection. Mr. Jackson's subsequent response (after objecting) to Interrogatory 1 also does not fully answer it. His statement "he has not personally sold products or services under the trademark in a manner constituting commercial trademark use under the Lanham Act" limits the answer to him and does not identify products or service in which the mark was used by the other Defendants. Mr. Jackson's responses after objecting to the other Interrogatories at issue similarly fail to fully answer those Interrogatories. Christopher Jackson's objections to Interrogatories 1–3 and 9–17 are overruled, and he is ordered to serve supplemental responses that fully answer these interrogatories without objection.

Although Mr. Jackson did not object to Interrogatories 7 and 8 and simply answered, the Court finds Christopher Jackson's answers are not sufficient. His answer to Interrogatory 7 (stating

---

[18] Pl.'s Interrogs. to Christopher Jackson (Dkt. 115-10) at 5.

his "legal name") does not fully answer the interrogatory asking for all names, aliases and nicknames he has been known by. Likewise, his answer to Interrogatory 8 (stating "Chapter Jackson is a separate individual") does not answer the interrogatory asking him to describe the nature of their relationship.[19] Plaintiff's Motion to Compel is granted as to the Interrogatories served upon Christopher Jackson and he is ordered to serve supplemental responses that fully answer Interrogatories 1–3 and 7–17 without objection.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Responses From Defendants Chapter and Christopher Jackson (Dkt. 115) is **granted in part and denied in part**. Defendant <u>Chapter</u> Jackson is ordered to produce documents responsive to Plaintiff's First RFPs **1–4, 6, 8–10, 13–15, 17–19, 29, and 31–44** and serve answers fully responding to Plaintiff's First Interrogatories **1–3, 7–10, and 12–20** served upon her. Defendant <u>Christopher</u> Jackson is ordered to serve answers fully responding to Plaintiff's Interrogatories **1–3 and 7–17** served upon him. Defendants Chapter and Christopher Jackson shall serve all documents and supplemental responses or answers ordered above **<u>within 30 days of the date of this Order</u>**.

Copies of this Order shall be sent to pro se defendant Chapter Jackson by regular mail and to pro se defendant Christopher Adam Jackson by email ECF notification.

IT IS SO ORDERED.

Dated April 15, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[19] Pl.'s Interrogs. to Christopher Jackson (Dkt. 115-10) at 8 and Christopher Jackson's Interrog. Resps. (Dkt. 115-11) at 3.